IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON L. PERRY,

        Petitioner,

                                      CIVIL ACTION
   vs.                                   No. 11-3173-RDR

DELORES R. STEPHENS,

        Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in custody at the United States Penitentiary, Leavenworth (USPL), commenced this action in the United States District Court for the Eastern District of North Carolina while he was incarcerated at the Federal Correctional Institution, Butner, North Carolina.

Petitioner was convicted of bank fraud in the U.S. District Court for the Western District of Texas in April 2010. *See U.S. v. Perry,* 2010 WL 596308 (W.D. Tex. 2010)(discussing order of detention). Petitioner's post-conviction action under 28 U.S.C. § 2255 was denied as untimely in June 2011 (Doc. 3, p. 4).

The petition presents four grounds for relief, namely, that petitioner is receiving inadequate medical care at the prison

for cystic fibrosis and other conditions, that he received ineffective assistance of counsel in entering his guilty plea, that he was not advised of time limits for seeking review of his conviction, and that evidence used to coerce him to enter a guilty plea was seized without a search warrant.

## Discussion

A petition for habeas corpus filed under §2241 and a motion to vacate, set aside, or correct sentence under § 2255 are distinct remedies. Section 2241 provides a remedy for challenges to the execution of a sentence and is filed in the district of a petitioner's incarceration, while §2255 provides a remedy for challenges to the validity of a judgment or sentence and is filed in the district where the conviction was entered. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255 contains a "savings clause", which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentence him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e).

Here, petitioner's failure to obtain relief in an earlier filing under § 2255 does not establish that the remedy is

inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (the petitioner has the burden of showing the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 is not sufficient to show that the remedy d is inadequate or ineffective). *See also Barron v. Fleming*, 2002 WL 244851 at *1 (10th Cir. Feb. 21, 2002)(unpublished)("Merely because a § 2255 motion may be time barred does not render it inadequate or ineffective.")

The court finds that petitioner has failed to establish that § 2255 is an inadequate or ineffective remedy and therefore will dismiss the claims alleging the ineffective assistance of counsel concerning the entry of a guilty plea and the failure to advise him of the time for pursuing review of his conviction, and the use of allegedly improper evidence.

Finally, to the extent petitioner asserts a failure to provide adequate health care, his claim is dismissed to the extent he may assert that he was induced to enter a guilty plea by a promise that he would receive medical care in prison. For the reasons set forth above, petitioner cannot challenge the legality of his conviction in this court pursuant to § 2241.

If, however, petitioner intends to pursue a claim arising from the conditions of his confinement in the FCI-Butner correctional facility, such a claim must be presented in a

3

separate civil filing in the district where the claims arose after the proper exhaustion of available administrative remedies. The court offers no opinion on the merits of such a claim and clarifies that the present order makes no ruling on such a claim.

    IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is granted.

    IT IS FURTHER ORDERED petitioner's motion for records (Doc. 5) is denied.

    IT IS FURTHER ORDERED the petition for habeas corpus is dismissed and all relief is denied.

    A copy of this order shall be transmitted to the petitioner.

    **IT IS SO ORDERED.**

    Dated at Topeka, Kansas, this 28th day of November, 2011.

    S/ Richard D. Rogers
    RICHARD D. ROGERS
    United States Senior District Judge